Allen, J.
delivered the opinion of the court—That there was error in proceeding to decree against the ab *382 sentees, without affidavit that the said defendants were . out of the country, or that upon enquiry at their usual places of abode, they could not be found, so as to be served with process. The proceeding by foreign attachment being an innovation upon the common law, and liable to much abuse, the mode of proceeding prescribed by the statute should be adhered to. Although such affidavit as to the defendant John Brien, has been rendered unnecessary by his answer, admitting he is not an inhabitant of the commonwealth, that answer does not admit the nonresidence of the other defendant, and would not be evidence against him as to this fact if it did.
The court is further of opinion, that it was error to decree a sale of the lands until bond with good security in double the value of the lands had been filed. The law which requires a valuation of the lands by discreet commissioners acting under oath, was intended to furnish the court with the evidence by which complete indemnity could be provided for the defendant, in the event of the decree being afterwards set aside. The measure of such indemnity is not the amount of the debt decreed, but the value of the land sold and possibly sacrificed. Though where the debt is small and the property valuable, it is in the power of, and may be proper for, the court to direct the sale of one or more of separate tracts, or of a portion of an entire tract, if a portion can be sold without material injury to the residue, of which fact the court should be satisfied; yet, in all cases, bond should be required in double the value of the land actually decreed to be sold.
The court is further of opinion, that under the discretion vested by our statute in the courts, as a general rule, real property of value should be sold on a reasonable credit, unless under very peculiar circumstances; and that nothing appearing in the record to take this case out of the general rule, it was error to decree a sale for cash.
*383 The court is further of opinion, that it was irregular to direct payment of the money to the creditor, and the execution of a deed to the purchaser, in the decree for sale. Before such direction is given, a report of the sale should he made, to enable the parties interested to shew cause against it, and that the court may see that its decree has been properly executed. Payment of the proceeds to the creditor, and the execution of a deed to the purchaser, should be decreed only after the confirmation of the report of sale.
Therefore, Decree reversed with costs, and cause remanded <fcc.